cross, he was immediately struck. Under these circumstances, we do not think that the court would be justified in saying, as matter of law, that the deceased was guilty of contributory negligence in failing to make himself aware of the presence of the train by which he was struck. To so say we think would contravene the rule of law announced by the court of appeals in Miles v. Railroad Co., 86 Hun, 508, 33 N. Y. Supp. 729, affirmed in 155 N. Y. 679, 50 N. E. 1119, and Zwack v. Railroad Co., 160 N. Y. 362, 54 N. E. 785. It is true that in the last case the injured person was an infant, yet the court say that the facts of the case would have required a submission of the case to the jury had he been an adult. As we view that case in its facts, it is as strong upon which to found contributory negligence as are the facts of the present case. See, also, Massoth v. Railroad Co., 64 N. Y. 524, which has been continuously to the present time cited with approval by all the courts. We think, therefore, that this case was properly submitted to the jury, and that the verdict rendered thereon must be upheld. We find no error in the charge to the jury respecting the weight to be given the testimony of interested witnesses. Such charge is supported in Berzerizy v. Railroad Co., 19 App. Div. 309, 46 N. Y. Supp. 27. The judgment should therefore be affirmed, with costs.

RUMSEY, INGRAHAM, and McLAUGHLIN, JJ., concur.

VAN BRUNT, P. J. I dissent. I think the evidence clearly shows that the train must have been visible when the deceased stepped on the track, as he was struck immediately upon stepping on the track, and, had he then looked, he must have seen it.

---

(54 App. Div. 241.)

SOCIALISTIC CO-OP. PUB. ASS'N v. KUHN et al.

(Supreme Court, Appellate Division, First Department. November 9, 1900.)

CONTEMPT—PUNISHMENT—RES JUDICATA.

    Defendants were enjoined from publishing a certain newspaper, and were subsequently ordered to show cause why they should not be punished for contempt, and why for such contempt their answer should not be stricken out. On return of the order, they were found guilty, and merely fined, but on a subsequent motion the answer was ordered stricken out. *Held* that, since the whole subject of the extent of the punishment was before the court at the time defendants were fined, the matter was res judicata, and the subsequent order to strike out, failing to show that contempt was committed subsequent to that time, was erroneous.

Appeal from special term.

Suit by the Socialistic Co-operative Publishing Association against Henry Kuhn and others. From an order striking out the answer, defendants appeal. Reversed. See 64 N. Y. Supp. 930, 933.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

B. Patterson, for appellants.

S. Sultan, for respondent.

PATTERSON, J. This action was instituted for the purpose of restraining the defendants from publishing a newspaper under the name of "The People." The plaintiff claimed that at the time of the commencement of the action, and for a long time prior thereto, it had been the publisher of such newspaper. The defendants claimed the right to print and circulate that paper, under authority derived from the executive committee of the Socialistic Labor party, and, in effect, that the paper was the organ of that party. An injunction was issued in the action, restraining the defendants from publishing and circulating the paper. The plaintiff, representing that the defendants had violated the injunction, moved the court to punish the violators for contempt, and that motion coming on to be heard was granted, and a fine was imposed upon certain of the defendants. Upon appeal to this court that order was affirmed. Subsequently another motion was made by the plaintiff to strike out the answers of the defendants because of their contempt, and that motion was granted; but on an appeal to this court the order entered upon such motion was reversed, on the ground that the papers upon which the motion was based did not sufficiently indicate that there had been an adjudication that the defendants' acts constituting the alleged contempt were of such a character as to defeat, impair, or prejudice the rights or remedies of the plaintiff. The order of reversal was made without prejudice to the plaintiff's right to renew the motion upon other or additional papers. Thereupon the plaintiff moved upon further or additional papers to strike out the answer of the defendants, which motion was granted, and the present appeal is from the order entered on such motion.

It appears from the record that the original motion to punish for contempt was brought on by an order to show cause "why said defendants, and each of them, should not be punished for their misconduct in disobeying the order of this court, * * * and why, for such misconduct and contempt, the answer of the defendants in the above-entitled action should not be stricken out." That order was dated November 14, 1899. Upon the return of that order, and on the 22d of March, 1900, an order was made, adjudging the defendants, Kuhn, Murphy, Sanial, and Kinneally, guilty of contempt, and imposing a fine upon each of them; but the order did not direct that their answers be stricken out. The whole subject of the extent of the punishment to be imposed for the violation of the injunction which had then been secured was before the court on that motion, and the decision was that a fine only should be imposed. If the plaintiff felt aggrieved because the order did not, in addition to the imposition of a fine, provide that the answer should be stricken out, it should have appealed from that order.

We are then required to consider whether it has been adjudged that after the 22d of March, 1900, acts were committed by these defendants constituting a contempt, for which their answer should be stricken out. The affidavits before us made subsequent to March 22, 1900, are those of Mr. Sultan, verified June 12, 1900, of John Nagel, sworn to June 11, 1900, and Mr. Benjamin Patterson, sworn to June 26, 1900; the latter being made and read on the motion on be-

half of the defendants. Mr. Sultan's affidavit simply states that no previous application for a similar order had been made. Mr. Patterson's affidavit, of course, does not contain an averment of any act of contempt on the part of his clients, and in the affidavit of Nagel we find only a statement "that said newspaper is publicly sold, at the place of business of the defendants and their associates, to the public at large, is mailed and circulated throughout the United States by the defendants and their associates, who make a public business of conducting said newspaper, and that the defendants and their associates do not propose to obey the said injunction, have never proposed to do so, and are now issuing notices in their said paper, in which they notify the public at large to aid in the establishment of the newspaper of the defendants and their associates under the name of 'The People,' and in the make up, such as prohibited by such injunction order, as a daily newspaper, and have hired quarters at New Read street, for the purpose of conducting the said business." The order appealed from, which adjudges the defendants guilty of contempt, does not state when the contempt was committed, whether before or subsequent to March 22, 1900. There should have been an adjudication in the order that the defendants were guilty of the contempt since March 22, 1900, in order to justify the additional punishment of the striking out of their answer. Whether the extracts from the affidavit of Nagel would have been sufficient as a basis for an adjudication that the defendants continue to violate the injunction order after March 22, 1900, it is unnecessary to determine. To justify this additional punishment, there should have been an adjudication such as has been referred to, and for that reason the order appealed from should be reversed, with $10 costs and disbursements, and the motion to strike out the answer of the defendants denied, with $10 costs. All concur.